J-S14008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.F.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.F.W., A MINOR | : | No. 1593 MDA 2016 |

Appeal from the Dispositional Order September 12, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-JV-0000115-2016

BEFORE:  GANTMAN, P.J., SHOGAN, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 21, 2017**

Appellant, D.F.W., a minor, appeals from the dispositional order entered in the Schuylkill County Court of Common Pleas, following his adjudication of delinquency on the charge of defiant trespass.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises three issues for our review:

> WHETHER APPELLANT IS ENTITLED TO THE OVERTURNING OF THE DECISION OF THE [TRIAL] COURT BECAUSE THE INFRACTION, IF ANY, WAS DE MINIMIS AS [APPELLANT'S] ACTIONS WERE WITHIN CUSTOMARY LICENSE AND NO

---

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

---

*Retired Senior Judge assigned to the Superior Court.

HARM WAS SUFFERED BY OR THREATENED TO ANY PARTY[?]

WHETHER APPELLANT IS ENTITLED TO THE OVERTURNING OF THE DECISION OF THE [TRIAL] COURT BECAUSE THE PREMISES WAS OPEN TO THE PUBLIC AND HE REASONABLY BELIEVED THAT A TENANT HAD INVITED HIM UPON THE PROPERTY[?]

WHETHER APPELLANT IS ENTITLED TO THE OVERTURNING OF THE DECISION OF THE [TRIAL] COURT BECAUSE THE TENANTS OF THE PROPERTY WHERE APPELLANT WAS CHARGED WITH TRESPASS WERE ENTITLED TO A RIGHT OF QUIET ENJOYMENT, WHICH CANNOT BE HONORED IF THEIR LANDLORD CAN BAR CERTAIN GUESTS WITHOUT PROCESS OR LIMITATION[?]

(Appellant's Brief at 4).[2]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James P. Goodman, we conclude Appellant's remaining issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (**See** Trial Court Opinion, filed November 10, 2016 at 3-6) (finding: **(1)** evidence showed Appellant had notice on several occasions that he was not licensed or privileged to be on Housing Authority

---

[2] To the extent Appellant's issue #3 complains on appeal about a tenant's right to quiet enjoyment, specifically a tenant's right to invite Appellant on to the property as a social guest, Appellant is not the proper party to make that argument. **See generally In re T.J.**, 559 Pa. 118, 124, 739 A.2d 478, 481 (1999) (stating: "In determining whether a party has standing, a court is concerned only with the question of who is entitled to make a legal challenge and not the merits of that challenge"; "the purpose of the 'standing' requirement is to insure that a legal challenge is by a proper party"). Therefore, we give Appellant's issue #3 no further attention.

property; Appellant admitted he knew he was not permitted on Housing Authority property; Corporal Brian Reno credibly testified he had given Appellant notice on prior occasions that Appellant was not permitted on Housing Authority property, and when Corporal Reno confronted Appellant on date of incident, Appellant fled; Appellant violated trespassing statute when he entered Housing Authority property; Appellant's actions did not constitute *de minimis* violation; and **(2)** Jody Dunnigan, Pottsville Housing Authority Deputy Executive Director, testified that property at issue belongs to Housing Authority; Housing Authority maintains no-trespass list to protect tenants' peaceful enjoyment of their property; Housing Authority and police can enforce no-trespass list; tenants had no right to allow Appellant to go anywhere on Housing Authority property; in any event, Appellant was near playground on property and was not in tenant's residence).  Accordingly, we affirm on the basis of the trial court's opinion.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2017

- 3 -